1
2
3
4
5
6                       UNITED STATES DISTRICT COURT
7                      CENTRAL DISTRICT OF CALIFORNIA
8                             WESTERN DIVISION
9
10   TONY TRAN,                        )    No. CV 10-10033 DSF (FFM)
                                       )
11                  Petitioner,        )    ORDER TO SHOW CAUSE WHY
                                       )    PETITION SHOULD NOT BE
12        v.                           )    DISMISSED AS TIME-BARRED
                                       )    AND DISMISSING PETITION WITH
13   WARDEN T. VIRGA, CAL STATE        )    LEAVE TO AMEND FOR FAILURE
     PRISON,                           )    TO VERIFY PETITION
14                                     )
                    Respondent.        )
15   _____ )

16        Petitioner, a prisoner in state custody proceeding *pro se*, constructively filed

17   a Petition for Writ of Habeas Corpus ("Petition" or "Pet.") on or about December

18   20, 2010.  Petitioner challenges a 2007 conviction.

19        Petitioner alleges that he sought direct review before the California Court of

20   Appeal.  On June 20, 2008, the Court of Appeal affirmed petitioner's conviction.

21   (Pet. at 3 of 10.)  Petitioner alleges that he did not seek direct review with the

22   California Supreme Court.  A decision of the California Court of Appeal becomes

23   final "30 days after filing."  Cal. R. Ct. 8.264(b)(1).  Thereafter, California allows

24   a party ten days after "the decision of the Court of Appeal becomes final" to serve

25   and file a petition for review with the California Supreme Court.  Cal. R. Ct.

26   8.500(e)(1).  Accordingly, petitioner's conviction became final on July 30, 2008,

27   forty days after the court of appeal affirmed his conviction.

28   / / /

1   *Smith v. Duncan*, 297 F.3d 809, 812-13 (9th Cir. 2002), *abrogation on other*

2   *grounds recognized by Moreno v. Harrison*, 245 Fed. Appx. 606 (9th Cir. 2007).

3      The present proceedings were initiated after the April 24, 1996 effective

4   date of the Antiterrorism and Effective Death Penalty Act ("AEDPA").

5   Accordingly, the AEDPA's timeliness provisions apply, including a one-year

6   limitations period which is subject to both statutory and equitable tolling.  *See* 28

7   U.S.C. § 2244(d)(1).  For those prisoners, like petitioner, whose convictions

8   became final post-AEDPA, the one-year period starts running from the latest of

9   four alternative dates set forth in 28 U.S.C. § 2244(d)(1)(A)-(D).  *See, e.g.*,

10  *Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001).  The operative

11  provision which appears to apply in this case is set forth in 28 U.S.C. §

12  2244(d)(1)(A).  That subparagraph provides that the one-year period begins to run

13  from "the date on which the judgment became final by the conclusion of direct

14  review or the expiration of the time for seeking such review."  Here, as shown

15  above, petitioner's judgement became final on July 30, 2008.  Accordingly, the

16  one-year limitations period expired on July 30, 2009.  However, petitioner did not

17  initiate the present proceedings until over a year after the limitations period

18  expired.  As a result, the present action is untimely, absent statutory or equitable

19  tolling.  *See* 28 U.S.C. § 2244(d)(1); Fed. R. Civ. Proc. 6(a).

20      Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a

21  properly filed application for state post-conviction or other collateral review with

22  respect to the pertinent judgment or claim is pending shall not be counted toward

23  any period of limitation under this subsection."

24      The statute of limitations is not tolled between the date on which a

25  judgment becomes final and the date on which the petitioner filed his first state

26  collateral challenge because there is no case "pending."  *Nino v. Galaza*, 183 F.3d

27  1003, 1006 (9th Cir. 1999).  Once an application for post-conviction review

28  commences, it is "pending" until a petitioner "complete[s] a full round of [state]

1    collateral review." *Delhomme v. Ramirez*, 340 F.3d 817, 819 (9th Cir. 2003)

2    (citing *Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003)).  "One full round"

3    generally means that the statute of limitations is tolled while a petitioner is

4    properly pursuing post-conviction relief, from the time a California prisoner files

5    his first state habeas petition until the California Supreme Court rejects his final

6    collateral challenge.  *Carey v. Saffold*, 536 U.S. 214, 219-20, 122 S. Ct. 2134, 153

7    L. Ed. 2d 260 (2002); *see also Nino*, 183 F.3d at 1006; *Delhomme*, 340 F.3d at

8    819.  The period tolled includes the time between a lower court decision and the

9    filing of a new petition in a higher court, as long as the intervals between the filing

10   of those petitions are "reasonable."  *Delhomme*, 340 F.3d at 819 (citing *Biggs*, 339

11   F.3d at 1048 n.1).

12          Here, petitioner is not entitled to any statutory tolling.  Petitioner did not

13   file his first state habeas petition until November 13, 2009.  But by that time, three

14   months had passed since the July 30, 2009 cutoff date.  Given the passing of the

15   cutoff date, the November 13, 2009 state habeas petition could not toll the statute

16   of limitations.  *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003)

17   ("[S]ection 2244(d) does not permit the reinitiation of a limitations period that has

18   ended before the state petition was filed."); *Green*, 223 F.3d at 1003 (holding that

19   state habeas petition filed after expiration of AEDPA limitation period could not

20   toll limitation period "because the limitations period had already run"); *Vroman v.*

21   *Brigano,* 346 F.3d 598, 602 (6th Cir. 2003) (application of section 2244(d)(2)

22   "'tolling provision does not . . . 'revive' the limitations period (i.e., restart the

23   clock at zero); it can only serve to pause a clock that has not yet fully run'")

24   (citation omitted).

25          Because the Petition does not demonstrate any basis for tolling the statute,

26   the Court orders petitioner to show cause in writing within 15 days of the date of

27   this order why the Petition should not be dismissed as time-barred.  If petitioner

28   / / /

                                              3

fails to provide a timely response to this order, the Court will recommend that the Petition be dismissed as time-barred and/or for failure to prosecute.

The Court also notes that petitioner has failed to sign the Petition. Thus, the Petition is not properly verified, as required by Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts and Central District of California Local Rule 83-16.2. Therefore, the Petition is dismissed with leave to amend. Petitioner is ordered to file a properly signed Petition within 30 days of the date of this order. If petitioner fails to timely file a properly verified petition, the Court will recommend that the Petition be dismissed for failure to comply with Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts and Central District of California Local Rule 83-16.2 and for failure to prosecute.

## CONCLUSION

Petitioner is ordered to show cause in writing within 15 days of the date of this order why the Petition should not be dismissed with prejudice as time-barred.

Petitioner is also ordered to file within 15 days of the date of this order a properly signed petition.

IT IS SO ORDERED.


DATED: January 6, 2011


                                    / s / FREDERICK F. MUMM
                                    FREDERICK F. MUMM
                                    United States Magistrate Judge